JAMES J. KLORAN, PLAINTIFF, v. LOUIS BROGAN, DEFENDANT.

Submitted March 22, 1923—Decided June 5, 1923.

### Negligence—Passenger in Jitney—Measure of Damages.

On rule to show cause.

Before Justices KALISCH, BLACK and KATZENBACH.

For the plaintiff, *Lazarus & Brenner.*

For the defendant, *George L. Record.*

PER CURIAM.

On September 21st, 1922, Louis Brogan, the defendant, was the owner and operator of a jitney bus engaged in the carrying of passengers for hire on the Hudson county boulevard. The plaintiff, James J. Kloran, entered the bus, and while riding therein the pneumatic tire on the right rear wheel blew out, causing the floor boards of the bus to fly upwards. Portions of the flying material struck the plaintiff, cutting his face, breaking his jaw, loosening his teeth and breaking one of them. The fracture of the jaw was a compound comminuted fracture. The cut extended from the centre of the chin to the back of the jaw, and when healed

left a scar. The plaintiff was taken to the hospital, and after remaining there approximately two weeks, was able to return to his home, and soon thereafter was able to attend moving picture performances, and play pocket billiards in pool parlors. This action was tried some three months after the accident.

The plaintiff, who was a railroad brakeman earning $5.85 per day and working seven days a week, had at the time of the trial been unable to resume his work, due to the shock of the accident and the debility consequent thereon. He had weighed at the time of the accident one hundred and forty pounds, and at the date of the trial his weight was one hundred and twenty-five pounds. There was evidence tending to show that he would not be able to resume his work as a brakeman for some months with any degree of comfort, due to the jars incident to this employment.

The amount lost by the plaintiff in wages, and the expenses of the accident, was about $1,400. The jury returned a verdict of $4,000. The trial court allowed a rule to show cause to the defendant reserving all the exceptions taken at the trial. The sole question before us is whether the verdict is excessive. In view of the pain and suffering, which must have accompanied the plaintiff's injuries; the scar upon his face, and the general weakness and debility due to the accident, we cannot say that the verdict is excessive. A court of review should not set aside a jury's estimate, unless it is so grossly excessive as to warrant the influence that the verdict is the result of passion, prejudice, partiality or corruption. *Graham* v. *Consolidated Traction Co.*, 62 *N. J. L.* 90.

The rule to show cause is discharged.